## John Steward and others *vs.* Israel C. Stevens and another.

The jurisdiction of the court of chancery, to apply the property of the defendent, which is beyond the reach of an execution at law, to the satisfaction of the debt due to the judgment creditor, proceeds upon the ground that he has exhausted his remedy at law.

An execution cannot be legally returned unsatisfied, until the return day.

A creditor's bill cannot be properly filed, until after the *return day* of the execution at law, though the execution should be actually returned before the return day.

1840.
First Circuit.

Steward
*vs.*
Stevens.

This was a creditor's bill, filed September 5, 1838, and set April 10. forth that the complainants recovered a judgment in the circuit court for the county of Wayne, against Israel C. Stevens, May 24, 1838, for the sum of $506 23, damages; that, July 12, a *fieri facias* was issued on the judgment, returnable on the third Tuesday of November following; that the sheriff return ed the *fieri facias* the 28th day of August, with a return endorsed thereon, " that after due and diligent search, he had not been able to find any goods and chattles, lands and tene ments of the defendant, and, therefore, he returned the said writ of *fieri facias* unsatisfied." The bill alledged the full amount of the judgment remained unsatisfied, and prayed for a discovery, &c.

To this bill the defendants demurred.

George E. Hand, in support of the demurrer.

This is a creditor's bill, filed under our statute, to reach equitable assest of a judgment debtor, but cannot be sustained, be cause,

1. The execution alledged in complainant's bill, to have been issued and returned unsatisfied, was not endorsed, as to when the cause of action accrued, as required by law, and was, there fore, irregularly issued. *Laws of* 1833, *p.* 433, *sec.* 30, 31.

2. The return of the sheriff, made on said writ, as alledged in the bill, is wholly defective, and not good at law, and insufficient to base chancery proceedings upon, under the statute. An in-

sufficient return is no return.  *Watson on duties of Sheriffs,* 69, 70, 76; 1 *Bar. & Ald*, 190.

3. Preliminary to filing a creditor's bill, our statute requires return of *fieri facias* unsatisfied.  *Revised Statutes,* 365, *sec.* 25. But the *fieri facias* upon which this bill is based, was not returned in pursuance of the command of the writ, but was irregularly returned, long before the return day thereof, in fraud of the statute, and not within its meaning or intent.  1 *Arch. Prac.,* 286; 2 *Burrows' Rep.,* 812; 2 *Saunders' R.,* 101; 1 *Salkeld,* 321; 2 *Lord Raymond,* 144; 2 *Tidd. Prac.,* 1,036; 2 *Hoff. Ch. Pr.,* 116; *Watson's Sheriff,* 70; *Cro. Eliz.,* 512.

4. The remedy against equitable assest is given only in cases where the legal remedy has been *exhausted,* and proved unproductive, or not sufficiently productive to satisfy the execution; but the legal remedy is not exhausted until the expiration of the *fieri facias,* and on sufficient levy.  And the writ may be executed at any time before or on the day it is returnable, even although it should before that time have been returned to the clerk's office.  *Rev. Stat.,* 355, *sec.* 25; *Clarkson* vs. *DePeyster,* 3 *Paige R.,* 322 ; *Brinkerhoof* vs. *Brown,* 4 *J. C. R,,* 675; *Arch. Prac.,* 286.

5. Hence, it necessarily follows, that a creditor's bill cannot be filed until after the return day of the execution, issued upon the complainant's judgment, even although the execution should have been actually returned before that time, and so are the authorities.  *Cassidy* vs. *Meacham et. al.,* 3 *Paige R.,* 311; 2 *Hoff. Ch. Prac.,* 116.

HENRY N. WALKER, contra.

THE CHANCELLOR.—The first and second causes of demurrer assigned, it is not necessary now to consider.

The third cause of demurrer is well taken, and *is* conclusive. The *fieri facias* was returned, and the bill filed, a long time before the return day.  The jurisdiction of this court, to apply the property of the defendent, which is beyond the reach of execution at law, to the satisfaction of the debt due to the judgment creditor, proceeds upon the ground that he has exhausted

his remedy at law. *Cassidy* vs. *Meacham*, 3 *Paige*, 312. Until the return day of the execution, it is the duty of the officer to seize and sell any property of the defendant, found within his county. The execution, therefore, cannot be considered as legally returned unsatisfied, until the return day.

In the case under consideration, it does not appear but that the officer, before the return day of the *fieri facias*, could have found property sufficient to satisfy the judgment. The statute (*R. Stat.*, 365, *sec.* 25,) provides, that "whenever an execution aga nst the property of the defendant, sh ll have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution, may file a bill in chancery against such defendant," &c.

This section is similar to a provision of the revised statutes of New York, and in that state it has been uniformly held that a creditor's bill cannot be properly filed, until after the return day of the execution issued on the complainant's judgment, although the execution had been actually returned before the return day. (*See Beck* vs. *Burdett*, 1 *Paige, R.*, 305; *Edmeston* vs. *Lyde, Ib.* 637; *Clarkson* vs. *De Peyster*, 3 *Paige's R.*, 312, 320; *Mc Elwin* vs. *Willis*, 9 *Wend.*, 560.) And this is unquestionably the true rule. A defendant ought not to be harassed by a suit in chancery, when he has property which can be reached at law, during the life of the execution.

The demurrer is well taken, and must be sustained.

Demurrer sustained.